[No. 6559.  Decided February 21, 1907.]

THE STATE OF WASHINGTON, *Appellant*, v. J. E. LEWIS *et al.*,
*Respondents.*[1]

CONSTITUTIONAL LAW — CLASS LEGISLATION — INDIANS — FISHING.
It should be presumed in favor of the proviso to Laws of 1899, p. 194,
§4, exempting from the prohibition against salmon fishing during
the closed season "any Indian residing in this state," who is al-
lowed to take salmon "at any time for the use of himself and
family," that the same was intended to apply only to Indians who
have not assumed the duties and obligations of citizenship; hence
the act is not unconstitutional as granting special privileges to any
citizen or class of citizens, as prohibited by Const., art. 1, § 12.

Appeal from a judgment of the superior court for Sno-
homish county, Black, J., entered November 3, 1906, upon
granting defendants' motion in arrest of judgment after a
plea of guilty to an information charging the crime of
fishing during the closed season. Reversed.

*J. W. Hartnett,* for appellant.

HADLEY, C. J.—The defendants in this action were ar-
raigned under an information which reads as follows:

"Comes now J. W. Hartnett, county and prosecuting at-
torney in and for the county of Snohomish, state of Wash-
ington, by and through his duly authorized and legally act-
ing deputy, W. P. Bell, and by this, his information, accuses
J. E. Lewis, Robert Haarberg and G. N. Larson of the
crime of fishing for salmon during the closed season, as fol-
lows, to wit: That the said J. E. Lewis, Robert Haarberg
and G. N. Larson, neither of whom was an Indian residing
in this state, did, on the 21st day of October, A. D. 1906,
wilfully, knowingly, deliberately and unlawfully, put out nets
for the purpose of fishing for salmon; that said nets were set
in Steamboat Slough in Snohomish county, state of Washing-
ton, the said Steamboat Slough then and there being a tribu-
tary of Puget Sound below tide water, and between the hour

[1]Reported in 88 Pac. 940.

of 6 o'clock P. M. of Saturday, October 20th, A. D. 1906, and the hour of 6 o'clock A. M. of Monday, the 22nd day of October, A. D. 1906, did fish for salmon with nets, in the place aforesaid, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Washington."

The defendants severally pleaded guilty, and thereupon moved in arrest of judgment. The motion was granted, the cause was dismissed, and the defendants were discharged. The ruling involves the sufficiency of the information, and the state has appealed.

The information is based upon the statute as found in § 4, pages 343 and 344, Laws of 1905. The pertinent part of the section reads as follows:

". . . and it shall further be unlawful to take or fish for salmon except with hook or line in any of the waters of Puget Sound or its tributaries between the hours of six o'clock P. M. Saturday and six o'clock A. M. Monday of each calendar week in each year."

It will be observed that the language is comprehensive, and seems to except no one from the operation of the statute. The legislature of 1899, in a general act relating to food fishes, established certain limitations as to closed seasons and places for salmon fishing. Laws 1899, page 194, § 8. That section has been amended by each succeeding legislature, including that of 1905, which inserted the provision we have quoted above. Section 1 of the Act of 1899, however, contains the following:

"Provided, that nothing in this or any other act shall prevent any Indian residing in this state, from taking salmon or other fish by any means at any time for the use of himself and family."

The above seems never to have been repealed, and the several amendments to § 8 of the same act do not appear to have modified or affected this proviso in said § 1. In effect it must therefore be read as a proviso attached to § 4 of the act of 1905.

From the appellant's brief we understand that the trial court adopted the view that the proviso concerning Indians is general as to all Indians; that it grants to all Indians the privilege of taking salmon or other fish by any means and at any time for the use of themselves and families; that inasmuch as some Indians are citizens, privileges are therefore granted to Indians who are citizens that are not granted to all other citizens, and that the granting of such privileges is in violation of § 12, art. 1 of the state constitution. With the above reasoning as a basis, the court seems to have concluded that the provision in the statute of 1905 quoted above, when considered in connection with the proviso of 1899, is unconstitutional. We think the conclusion is erroneous. That part of the statute of 1905 invoked here is general in its prohibitory terms, and it excepts no citizen or class of citizens from its operation. Within itself it is therefore not susceptible to the constitutional objection. However, when it is read in connection with the proviso in the statute of 1899, it does appear that the provision may possibly be read as being broad enough to include Indians who are citizens. It may be reasonably held that the legislature intended by the use of the term "Indian" to include such only as have not assumed the duties and obligations of citizenship. In that event there is no constitutional objection to the provision, since the constitutional requirement applies only to "any citizen, class of citizens, or corporation." We think it should be presumed in favor of the proviso that such was the intention of the legislature, since any other view would seem to render the provision objectionable, under the constitution, as granting privileges to some citizens of which others are deprived. It is therefore held that the provision in the statute of 1899 does not exempt any citizen from the operation of the statute of 1905, and the two statutes are together entirely consistent with the limitations of the constitutional section involved.

The information charges the respondents with the violation of the law.  It shows upon its face that neither respondent is an Indian residing in this state.  The respondents having entered pleas of guilty, the court erred in granting their motion in arrest of judgment, and in entering judgment of dismissal and discharge.

The judgment is reversed, and the cause remanded with instructions to vacate the judgment and overrule the motion in arrest of judgment.

ROOT, CROW, MOUNT, DUNBAR, and FULLERTON, JJ., concur.